### DU BOIS v. NEW YORK, O. & W. RY. CO.

(Supreme Court, Appellate Term. June 3, 1908.)

CARRIERS—LOSS OF BAGGAGE—BURDEN OF PROOF.

Where, in an action for loss of baggage from plaintiff's trunk, transported by defendant, it was shown that on arrival at destination, when the trunk was delivered by defendant to a transfer company, it was found that the lock was broken, but plaintiff submitted no proof as to the possession of the trunk from the time it was received from defendant up to the time she examined it, except that it was taken to the office of the express company, where it remained overnight, plaintiff could not recover.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1562.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Lena Du Bois against the New York, Ontario & Western Railway Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

A. Welles Stump, for appellant.
Samuel A. Jacobson, for respondent.

GIEGERICH, J. The plaintiff recovered judgment for $150 damages, in addition to costs and disbursements, for the loss of certain jewelry and silverware taken from her trunk some time between her packing the same at a farmhouse near Ellenville and its delivery to her boarding house in New York City; the trunk in the meantime having been transported over the defendant's line as baggage and from the defendant's baggage room in New York City by an independent delivery company to the plaintiff's boarding house.

. The plaintiff testified that the trunk was locked and "all right" when she last saw it on the platform of the station at Ellenville, just before it was placed on the train; but when she next saw it in her room in New York City the lock was broken off entirely. The plaintiff's witness Lombardo testified that he was employed by the Lenox Express Company, and that in the course of his duty he was sent to the defendant's depot with a check for the trunk in question, and that when he received it he noticed that the lock was broken off, and that he called attention to that fact, and the defendant's representatives said they would make a note of it on their books. He further testified that he thereupon took the trunk to the express company's office, and put it with the rest of his load in the office overnight, as it was then about 10 o'clock in the evening, and that the next morning, on his first trip, he delivered it to the plaintiff. He also testified that after he placed the trunk in the office he settled up and went immediately to the stable, and that the "boss," as he termed it, locked up the office and unlocked it the next morning, but that he himself was not present.

In moving for a dismissal of the complaint the defendant's counsel expressly pointed out the lack of evidence to show that the trunk was guarded during the night. Upon the record before us we are of opinion that the judgment should be reversed, in order that upon a new trial evidence may be forthcoming, from the person whom the witness Lombardo called the "boss," or from some one else who knows, as to the locking of the office at night and its unlocking in the morning, that the trunk was not tampered with until the moment it reached the hands of the plaintiff and was opened by her. It was incumbent upon the plaintiff to submit proof as to the possession of the trunk from the time it was received from the defendant's officials up to the time she examined it.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.